IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DJD OPERATING, LLC D/B/A BUD'S SALADS, § § § *Plaintiff*, § v. § § ICON MEALS, INCORPORATED, § § and § § TODD ABRAMS, § § *Defendants*. § | CIVIL ACTION NO. 4:23-cv-438 |

## ORIGINAL COMPLAINT

Plaintiff DJD OPERATING, LLC d/b/a BUD'S SALADS ("**Plaintiff**") complains of Defendants ICON MEALS INCORPORATED ("**ICON**") and TODD ABRAMS ("**Abrams**"),[1] as follows:

## PARTIES

1. <u>Plaintiff</u> is a for profit corporation organized under the laws of the State of Texas whose principal place of business is located at 2428 Harrison Avenue, Dallas, Texas 75315-0341.

2. <u>ICON</u> is a for profit domestic corporation organized under the laws of the State of Texas with its principal place of business located at 4312 McEwen Rd., Farmers Branch, TX 75244. It may be served with civil process in this action through its registered agent: <u>Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701</u>.

---

[1] Unless otherwise noted, ICON and Abrams will be referred to collectively herein as the "**Defendants**."

**ORIGINAL COMPLAINT -1**

3. <u>Todd</u> is an individual resident of Prosper, Collin County, Texas and is a citizen of the State of Texas. <u>He may be served with civil process in this action at 4051 Blue Sage Drive, Prosper, Collin County, Texas 75078, or wherever he may be found</u>.

## JURISDICTION/VENUE

4. The Court has jurisdiction over this civil action arising under § 2 of the Perishable Agricultural Commodities Act of 1930, as amended ("**PACA**"), 7 U.S.C. 499e(b)(2), pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a). The Court has in rem jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

5. Venue in this District is proper pursuant to 28 U.S.C. §1391(b) because a defendant to the action resides in this district, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district. All parties to the action are citizens of the State of Texas.

## FACTS

6. Plaintiff and ICON entered into multiple contracts under which Plaintiff agreed to sell certain goods, namely perishable agricultural commodities ("**Goods**"), 7 U.S.C. § 499a(4), and 7 C.F.R. § 46.2(t), (u) and (v), to ICON.

7. ICON ordered the Goods from Plaintiff.

8. ICON agreed to purchase certain Goods from Plaintiff.

9. Plaintiff agreed to sell the Goods to ICON for use in its business.

10. The Goods were delivered by Plaintiff to ICON.

**ORIGINAL COMPLAINT -2**

11. The Goods ordered by ICON and delivered by Plaintiff to ICON are identified in the summary of and actual invoices (the "**Invoices**") attached hereto as **Exhibit "1"** and incorporated herein by reference as if fully set forth.

12. The originals of the Invoices were supplied to ICON.

13. The total of all Goods sold to ICON by Plaintiff, which is the subject of this action, and which have not been paid for at this time, as listed in the Invoices is, allowing for all just and lawful credits, payments and offsets, if any, **$37,881.65**, as reflected in **Exhibit "1"** hereto.

14. ICON accepted the Goods which correspond to the Invoice numbers as listed in **Exhibit "1"**.

15. Plaintiff delivered conforming Goods to ICON's orders placed with Plaintiff.

16. ICON did not reject any of the Goods.

17. Plaintiff gave no price adjustments on any of the Goods identified in **Exhibit "1"**.

18. The Goods were sold in interstate commerce, as that term is defined in the PACA.

19. Plaintiff is a grocery wholesaler and supplier of Produce in wholesale quantities. 7 C.F.R. § 46.2(ii).

20. Plaintiff has a license to conduct business under the PACA, No. 20120963.

21. Plaintiff is an unpaid dealer, supplier or seller of Produce having sold Produce to the Defendants for which it remains unpaid. 7 U.S.C. § 499a; 7 C.F.R § 46.2(m).

22. ICON does not have a PACA license. However, at all times relevant hereto, each of the Defendants were engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are subject to licensing under the PACA and are classified as "dealers" of Produce as defined by the PACA. 7 U.S.C. § 499a(6). ICON is, therefore, subject to the trust provisions of the PACA.

23. At all times relevant to this action, Abrams was an owner, member, manager and/or otherwise was a person in charge of the day-to-day business and financial affairs of ICON.

24. The Defendants failed to pay or otherwise deliver good funds to Plaintiff in the amount set forth in **Exhibit "1"**, despite repeated demands from the Plaintiff or its representatives.

25. Demand for payment of all amounts due and owing by ICON to Plaintiff as set forth herein was made on ICON. ICON has failed to pay the amounts owing by it to Plaintiff as set forth herein.

26. As a result of ICON's failure to pay all amounts due and owing by ICON to Plaintiff, it was necessary for Plaintiff to retain the undersigned attorneys to prosecute this action, for which it seeks to recover its collection costs, reasonable and necessary attorneys' fees and expenses.,

## CONDITIONS PRECEDENT

27. All conditions precedent to recovery or action sought have been performed or have occurred.

## COUNT 1- ENFORCEMENT/BREACH OF PACA TRUST
(7 U.S.C. § 499e(2)(c))

28. Plaintiff re-alleges paragraphs 6 through 27 as though fully set forth herein.

29. The Defendants are in possession, custody and control of all assets derived from Plaintiff's sale of: (a) Produce; (b) food or products derived from Produce; (c) accounts receivable; (d) proceeds from the sale of Produce; (e) cash; (f) any other assets commingled with proceeds of Produce; and (g) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in ICON's name (the "**PACA Trust Assets**") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

30. Each of the Invoices contained the following language preserving Plaintiff's beneficial interest in and to Defendants' PACA trust assets:

> The perishable agricultural commodities listed on this invoice as sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 USC 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other produces derived from these commodities, and any receivables or proceeds from the sale of the commodities until full payment is received.

*See* **Exhibit "1"** hereto.

31. Plaintiff is a properly perfected beneficiary of the PACA trust impressed in its favor under the PACA.

32. By language placed on the Invoices, Plaintiff and the Defendants agreed that Plaintiff would be entitled to recover cost of collection, including reasonable attorneys' fees and expenses incurred as part of an action to collect on the Invoices.

33. Defendants failed to object to the Plaintiff's inclusion of the contract language in the Invoices.

34. The contract language in the Invoices is a material part of the parties' agreement.

35. The contract language represents a material part of the Plaintiff's standard credit terms.

36. Plaintiff's inclusion of the contract language above represents a standard industry practice and, as such, is of no surprise to Defendants.

37. Plaintiff's inclusion of the contract language quoted above represents bargained terms and are sums owing in connection with the sales transaction.

38. The Plaintiff is an unpaid supplier or seller of Produce.

39. Defendants failed to pay or otherwise deliver good funds to Plaintiff in the amount set forth in the Invoices for Produce related Goods. despite repeated demands to do so from the Plaintiff.

40. At all relevant times hereto, the Company acted by and through its owners, principals and authorized agents acting on its behalf.

41. The Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in **Exhibit "1"** hereto.

42. The Defendants failed to preserve enough of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

43. The matters and actions alleged in this Count constitute a violation by Defendants of Section 2 of the PACA.

44. As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff has suffered damages which are covered under the PACA trust in the current aggregate amount of the Produce items listed in **Exhibit "1"** hereto, **$37,881.65**, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## COUNT 2-
## VIOLATION OF THE PACA UNFAIR TRADE
## PRACTICE – FAILURE TO MAKE FULL PAYMENT PROMPTLY
(7 U.S.C. § 499b(4))

45. Plaintiff re-alleges paragraphs 6 through 44 as though fully set forth herein.

46. Plaintiff delivered conforming Goods to the Defendants and has otherwise satisfied all conditions of its contracts with Defendants.

47. Defendants received each of the shipments of Produce referenced in **Exhibit "1"** hereto.

**ORIGINAL COMPLAINT -6**

48.     Plaintiff is a properly perfected beneficiary of the PACA trust impressed in its favor under the PACA.

49.     Defendants failed to pay or otherwise deliver good funds to Plaintiff for each of the invoices identified in **Exhibit "1"** in the amount set forth therein within the applicable payment terms that were in effect between the parties at the time of each transaction.

50.     Defendants' failure to make full payment promptly for all sums due to Plaintiff with respect to Produce related items, as identified in **Exhibit "1"** hereto, constitutes a violation of PACA under 7 U.S.C. § 499b(4).

51.     As a direct and proximate result of Defendants' violation of PACA, Plaintiff incurred damages in the current aggregate amount of **$37,881.65**, together with interest thereon at the contract rate or as allowed by applicable law, collection costs, including reasonable attorneys' fees and cost of court.

## COUNT 3-
## BREACH OF CONTRACT
## (ICON)

52.     Plaintiff re-alleges paragraphs 6 through 51 as though fully set forth herein.

53.     Plaintiff and ICON entered into the various contracts identified and represented by the Invoices listed in **Exhibit "1"** hereto.

54.     In each contract, Plaintiff agreed to sell Goods to ICON and ICON agreed, *inter alia*, to purchase Goods from Plaintiff.

55.     Plaintiff delivered conforming Goods to ICON and has otherwise satisfied all conditions of said contracts. The Goods included Produce and non-Produce items.

56. ICON failed to pay or otherwise deliver good funds to Plaintiff for each of the Invoices identified in **Exhibit "1"** in the amount set forth therein within the applicable payment terms that were in effect between the parties at the time of each transaction.

57. The total of all Goods sold to ICON by Plaintiff, which is the subject of this action and listed in the Invoices, is **$37,881.65**, not including interest and other charges due thereon.

58. Plaintiff has been damaged in the foregoing amounts as a direct and proximate result of ICON's breach of contract, together with interest and contractually due costs of collection, including attorneys' fees, incurred in this action and costs of court.

## COUNT 4-
## SWORN ACCOUNT
## (ICON)

59. Plaintiff re-alleges paragraphs 6 through 58 as though fully set forth herein.

60. The Complaint herein is supported by the sworn testimony of the authorized agent of Plaintiff to the account which is the subject of his action. Attached hereto, as **Exhibit "2",** is the *Sworn Account Affidavit* submitted in support of Plaintiff's claim and allegations herein which is incorporated herein by reference as if fully set forth.

61. ICON has failed and/or refused to pay the Invoices for services rendered.

62. Plaintiff has suffered damage because of ICON's failure to pay the Invoices.

63. Plaintiff should have and recover of and from ICON all sums due and owing by them on their respective Invoices, together with any pre-judgment interest due thereon, costs of court, reasonable attorneys' fees and expenses, other allowed collection costs, and post-judgment interest on the total of these amounts, as may be permitted by applicable law.

## COUNT 5 - 
## BREACH OF FIDUCIARY DUTIES
### (Abrams – Secondary Liability Under PACA Trust)

64. Plaintiff re-alleges paragraphs 6 through 64 as though fully set forth herein.

65. On information and belief, ICON was either insolvent or otherwise experiencing financial distress at all times relevant hereto, i.e., not able to pay its debts as they came due.

66. On or before the date of the invoices at issue, particularly those listed in **Exhibit "1"** hereto, Abrams knew or should have known that ICON was insolvent or otherwise experiencing severe financial distress.

67. Abrams, as a principal and owner of ICON, owes a fiduciary duty to ICON's creditors to ensure ICON's assets were used to pay ICON's obligations, including those owing under the PACA trust provision at issue in this action.

68. Abrams owed a fiduciary duty to ICON's creditors to preserve and maximize the value and availability of ICON's assets for them from the point of ICON's insolvency to the current date in amounts sufficient to satisfy ICON's PACA trust obligations.

69. On information and belief, ICON was or became insolvent on or before the due date of the Invoices and was insolvent at all times relevant hereto.

70. On information and belief, prior to ICON's insolvency, Abrams caused and continues to cause ICON to transfer ICON assets, or otherwise allowed the transfer of ICON assets, out of ICON for the purpose of paying other creditors of ICON ahead of Plaintiff.

71. On information and belief, prior to ICON's insolvency, Abrams transferred ICON assets, or otherwise utilized ICON assets to pay certain obligations of ICON's non-PACA trust creditors and/or to pay his personal obligations.

**ORIGINAL COMPLAINT -9**

72. Abrams breached his fiduciary duties to the Plaintiff and other similarly situated creditors of ICON by transferring ICON assets, or otherwise allowing the transfer of ICON assets, in such a manner as to remove said assets from the reach of ICON's creditors.

73. Abrams breached his fiduciary duties to the Plaintiff, and other similarly situated creditors, by operating the insolvent ICON for the benefit of Abrams and not for the benefit of ICON's creditors.

74. Abrams possessed a duty of loyalty to Plaintiff, and other similarly situated creditors of the ICON, to act in good faith and not out of self-interest.

75. On information and belief, Abrams breached his duty of loyalty to the Plaintiff, and other similarly situated creditors of ICON, by receiving and accepting benefits and other payments from ICON during ICON's insolvency and while Plaintiff remain unpaid.

76. Abrams's repeated breach of his fiduciary duties to the Plaintiff, and other similarly situated creditors, is a direct result of Abrams's election to serve his own personal interest ahead of all others.

77. As a direct result of Abrams's breach of his fiduciary duties, the Plaintiff incurred damages in an amount not less than the amount of Plaintiff's PACA trust claims asserted in this action, plus further interest.

78. Abrams is personally liable to the Plaintiff, which liability is joint and several with ICON and any third parties having received any ICON assets with actual or constructive notice of the breach of Abrams's fiduciary duties, for the dissipation of ICON's assets in the current aggregate amount of the Produce items on **Exhibit "1"** hereto, plus further interest and related charges allowed by the parties' agreements and/or applicable law.

## COUNT 6 –
## INJUNCTIVE RELIEF
### [All Defendants]

79. Plaintiff re-alleges paragraphs 6 through 78 as though fully set forth herein.

80. For all the reasons stated above, Plaintiff request that the Court, on separate motion, grant Plaintiff injunctive relief against Defendants to prevent dissipation of the PACA trust impressed in favor of Plaintiff and to preserve and protect all PACA trust assets which may be available to satisfy Plaintiff's PACA trust claim against Defendants.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully seeks the following:

a. A Final Judgment in favor of Plaintiff and against Defendants, jointly and severally, for violations of the PACA and the PACA trust provision, in the current amount of **$37,881.65**;

b. A Final Judgment in favor of Plaintiff and against ICON for breach of contract as to the total amount of all goods sold in the current amount of **$37,881.65**;

c. As to all counts, a Final Judgment for pre-judgment interest on the amount founding owing by Defendants to Plaintiff at the highest rate permitted under the parties' agreements or permitted by applicable law;

d. As to all counts, a Final Judgment for recovery of reasonable attorneys' fees and expenses as permitted by the parties' agreements and/or applicable law;

e. As to all counts, a Final Judgment for post-judgment interest as permitted by applicable law; and

f. For such other and further relief as the Court deems appropriate under the circumstances.

Dated: May 15, 2023.                    Respectfully submitted,

AKERLY LAW PLLC

By:     */s/ Bruce W. Akerly*
       Bruce W. Akerly
       Texas Bar No. 00953200

2785 Rockbrook Drive, Suite 201
Lewisville, Texas 75067
(469) 444-1878 Main
(469) 444-1864 Direct
(469) 444-1829 Facsimile
bakerly@akerlylaw.com

ATTORNEYS FOR PLAINTIFF
DJD OPERATING, LLC D/B/A BUD'S SALADS

**ORIGINAL COMPLAINT -12**