IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DJD OPERATING, LLC D/B/A | § | |
| BUD'S SALADS, | § | |
| | § | CIVIL ACTION NO. |
| *Plaintiff*, | § | |
| v. | § | 4:23-cv-438 |
| | § | |
| ICON MEALS, INCORPORATED, | § | |
| | § | |
| and | § | |
| | § | |
| TODD ABRAMS, | § | |
| | § | |
| *Defendants*. | § | |

**MOTION FOR RELEASE OF CASH DEPOSIT IN
LIEU OF BOND FOR TEMPORARY RESTRAINING ORDER**

1.      On May 18, 2023, the Court signed its *Order for Issuance of Temporary Restraining Order* ("**TRO**") in the above-referenced matter. *See* **Ex. 1** hereto. The Order required that, prior to issuance of the TRO, Plaintiff was required to post a bond in the amount of $500. TRO permitted a cash deposit of the bond amount in lieu of a bond.

2.      Plaintiff posted a cash deposit in lieu of the bond on May 18, 2023. *See Rec No.* 600064423; *See* **Ex. 2** hereto.

4.      All matters in this action have been resolved between the parties. *See* Motion for Entry of Agreed Order Resolving Temporary Restraining Order [Dkt. 16].

5.      On May 30, 2023, the Court entered its Order dismissing this action. [Dkt 19].

6.      Plaintiff requests that the Court enter an order directing the Clerk of the Court to return the cash deposit in lieu of bond to be made payable to Plaintiff's counsel in the amount of $500.

7.     Plaintiff requests such further relief to which it may be entitled under the circumstances.

Dated: June 7, 2023.                    Respectfully submitted,

                                        AKERLY LAW PLLC

                                        By: /s/ *Bruce W. Akerly*
                                            Bruce W. Akerly
                                            Texas Bar No. 00953200

                                        2785 Rockbrook Drive, Suite 201
                                        Lewisville, TX 75067
                                        469-444-1878 telephone
                                        bakerly@akerlylaw.com

                                        ATTORNEYS FOR PLAINTIFF

# **EXHIBIT 1**

# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DJD OPERATING, LLC d/b/a BUD'S SALADS, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.  4:23-CV-438 |
| | § | Judge Mazzant |
| ICON MEALS, INC., and TODD ABRAMS, | § § § | |
| *Defendants.* | § § | |

## <u>TEMPORARY RESTRAINING ORDER</u>

Pending before the Court is Plaintiff's Motion for Injunctive Relief (Dkt. #9).  Having considered the motion and the relevant law, the Court finds that the request for a Temporary Restraining Order ("TRO") should be **GRANTED** and the Court will set a hearing to decide whether a preliminary injunction should be issued against the Defendants ICON Meals, Inc. ("ICON Meals") and Todd Abrams ("Abrams") (collectively, "Defendants").

## BACKGROUND

Plaintiff DJD Operating, LLC d/b/a Bud's Salads ("DJD Operating") filed the pending motion pursuant to Federal Rule of Civil Procedure 65(b), as it is seeking *ex parte* issuance of a TRO (Dkt. #9).[1]  The lawsuit arises under the Perishable Agricultural Commodities Act ("PACA")—which is codified at 7 U.S.C. §§ 499a–499t.

---

[1] Pursuant to Federal Rule of Civil Procedure 65(b)(1), the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

DJD Operating alleges that ICON Meals and Abrams ordered and accepted, without objection or rejection, loads of perishable agricultural commodities, namely from DJD Operating in wholesale or jobbing quantities for resale to other persons or entities (Dkt. #1). However, ICON Meals and Abrams failed to pay DJD Operating the sums of $37,881.65, for accepted shipments of perishable agricultural commodities. DJD Operating further alleges, among other things, that they are entitled to recover these amounts, together with interest (as allowed by the agreements between the parties and/or applicable law), reasonable attorneys' fees, and costs as they represent unpaid perishable agricultural commodities sold to ICON Meals and Abrams in violation of DJD Operating's rights under the trust provision of the PACA. DJD Operating further alleges that ICON Meals and Abrams have and continue to dissipate the PACA trust in wrongful violation of DJD Operating's PACA trust rights.

## ANALYSIS

The Court considers the motion on an *ex parte* basis based, in part, on the nature of the request for injunctive relief and the certificate pursuant to Rule 65(b)(1)(B) that was filed with the Court (Dkt. #6). After considering the motion and the supporting documents on file with the Court, the Court finds that the application for a TRO is supported by the aforenoted pleadings on file with the Court, as well as invoices that evidence the agreements between the parties.[2]

Specifically, the Court finds that DJD Operating has demonstrated a substantial likelihood of success on the merits. DJD Operating produced invoices provided to Defendants describing the perishable agricultural commodities sold to Defendants and that DJD Operating is the owner and holder of the PACA trust. The PACA trust between DJD Operating and Defendants consists of

---

[2] The legal standard for a TRO requires that a movant show (i) a substantial likelihood of success on the merits; (ii) a substantial threat of irreparable harm if the injunction is not granted; (iii) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (iv) that the injunction will not undermine the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997).

all just and lawful credits, payments, offset and adjustments, for which DJD Operating has not been paid.  DJD Operating perfected its statutory PACA trust rights by including notice of intent to preserve its trust rights on the face of its invoices.  The payment terms on the individual invoices indicate that the PACA notice and payment period requirements have been satisfied.  *See Hiller-Cranberry Products, Inc. v. Koplovsky*, 165 F.3d 1, 5 (1st Cir. 1999).  Based on the evidence presented, the Court concludes that DJD Operating has established a prima facie case that it is a PACA trust beneficiary of ICON (primary) and Abrams (secondary) in the amounts noted herein.

The Court further finds that there is a risk of irreparable harm to DJD Operating.  DJD Operating has verified attempts to obtain payment from Defendants.  It therefore appears that Defendants have either dissipated the PACA trust or present a sufficient threat of dissipation of such trust to warrant the injunctive relief granted in this Order.  The Court similarly finds that it is in the public interest to issue the temporary restraining order.  The apparent dissipation of the PACA trust presents a threat to other current and potential PACA creditors with the loss of PACA trust assets.  Accordingly, temporary injunctive relief so as to maintain the status quo pending a hearing on the application for preliminary injunction is appropriate.  *In re Fresh Approach, Inc.*, 51 B.R. 412, 421 (N.D. Tex. 1985); *see also Yang Wu Int'l, Inc. v. LS & CX, LLC*, No. 4:20-CV-312, 2020 WL 2395937 (E.D. Tex. May 12, 2020); *In re Annde Foods, Inc.*, 110 B.R. 346 (Bankr. N.D. Ill. 1989).

Finally, the threatened harm to DJD Operating is outweighed by the threatened harm to Defendants.  The injunctive relief only requires Defendants to do what they are required to do under the PACA, i.e., maintain the trust required by statute and pay for the undisputed portion of the produce.  DJD Operating has also presented evidence that Defendant entities are either insolvent or on the verge of insolvency and/or are dissipating the trust assets as they continue in

3

business and are paying debts owing to others. In this context, the additional harm, if any, associated with enjoining Defendants is less than the risk to DJD Operating potential loss of PACA trust assets.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff DJD Operating, LLC d/b/a Bud's Salads will suffer immediate and irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

It is therefore **ORDERED** as follows:

1.  Plaintiff's Motion for Injunctive Relief (Dkt. #9) is **GRANTED**, as the Court now issues a Temporary Restraining Order against ICON Meals, Inc. and Todd Abrams to preserve the status quo.

2.  Defendants, together with its owners, members, shareholders, affiliates, subsidiaries, customers, agents, officers, subsidiaries, assign, and banking or financial institutions, and any person or entity receiving notice of this Order are enjoined from alienating, dissipating, paying over or assigning any assets of Defendants, as a trade name, limited liability company, corporation or partnership, or its subsidiaries or related companies, except for payment to DJD Operating until further order of this Court or until Defendants pay DJD Operating the aggregate sums of $37,881.65, together with the sum of $2,500 for anticipated accrual of pre-judgment interest, $10,000 for reasonable attorneys' fees and expenses and costs of court to be paid to Plaintiff, through its attorney of record, by cashier's check or certified check, payable to the order of Akerly Law PLLC IOLTA trust account to be held therein until such time as this Order is dissolved;

3. Defendants, together with their owners, members, shareholders, affiliates, subsidiaries, customers, agents, officers, subsidiaries, assign, and banking or financial institutions, and any person or entity receiving notice of this Order are enjoined from engaging in, committing or performing directly and indirectly, any and all of the following actions, except for payment to DJD Operating the total sum of $37,881.65, as noted above, at which time the Order is dissolved:

    a. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of perishable agricultural commodities, including but not limited to inventory on hand, and/or other products derived from perishable agricultural commodities, and or receipts of payments for such commodities sold prior to the date of this order, and/or otherwise disposing of assets, books or funds;

    b. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates DJD Operating's beneficial interests in the PACA trust assets;

    c. Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1)–(4) or 7 U.S.C. § 499b(4); and

    d. Transferring, withdrawing, or in any other manner removing PACA trust assets, from Defendants' banking or other financial accounts, including funds on deposit in banking accounts held by or on behalf of Defendants at any and all banking or other financial institutions.

4. Because it is DJD Operating's contention that Defendants already possesses at least the amount of $37,881.65 of PACA trust assets, and are required to comply with the

PACA, the bond in this matter is hereby set at $500.00. DJD Operating may file a cash deposit in lieu of the required bond. Once notice of the posting of the bond is filed in the Action, this Order will become effective.

5.   Plaintiff, through counsel, shall serve a true and correct copy of this Order on all Defendants and any other parties who may be subject to the Order.

6.   This Temporary Restraining Order shall be in full force and effect through the earlier of (a) the completion of the hearing on DJD Operating's request for a preliminary injunction, or (b) the expiration of the fourteenth (14th) day following issuance of this Order, unless extended by the Court or by agreement of the parties.

7.   A hearing to determine whether a preliminary injunction should be entered shall be held before the Court at the Paul Brown United States Courthouse, 101 E. Pecan Steet, Sherman, Texas on May 30, 2023, at 1:30pm.

**IT IS SO ORDERED.**

**SIGNED this 18th day of May, 2023.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2



# U.S. District Court

### Texas Eastern - Tyler

Receipt Date: May 18, 2023 2:39PM

Melissa Ditto
Akerly Law PLLC
2785 Rockbrook Drive
Suite 201
Lewisville, TX 75067

Rcpt. No: 600064423                Trans. Date: May 18, 2023 2:39PM                Cashier ID: #GA

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 701 | Treasury Registry | DTXE423CV000438 /001 DJD OPERATING, LLC | 1 | 500.00 | 500.00 |

| CD | Tender | | Amt |
|----|--------|---|-----|
| CC | Credit Card | | $500.00 |

| | Amt |
|---|---|
| Total Due Prior to Payment: | $500.00 |
| Total Tendered: | $500.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.